**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charles Schwab & Company, | ) | No. CV-06-0119-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Katherine Chandler, Cheryl M. Debickero, Christopher W. Wilson, Rebecca L. Wilson, Roberta M. Wilson, | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Katherine Chandler, | ) | |
| Cross-Claimant, | ) | |
| vs. | ) | |
| Cheryl M. Debickero, Christopher W. Wilson, Rebecca L. Wilson, Roberta M. Wilson, | ) | |
| Cross-Defendants. | ) | |
| _____ | | |

The court has before it cross-claimant Katherine Chandler's ("Chandler") motion for partial summary judgment (doc. 31), cross-defendants' response and cross-motion for partial summary judgment (doc. 32), Chandler's response and reply (doc. 33), and cross-defendants' reply (doc. 34).

**I**

This case involves a dispute over the ownership of an individual retirement account ("IRA") established by decedent Wayne Wilson ("decedent") and held by plaintiff Charles Schwab & Company ("Charles Schwab"). During his employment with Seimens/GTE ("Siemens"), decedent participated in the company's 401(k) plan. In 1994, after his separation from employment, he rolled the distribution of his 401(k) plan benefits into a qualified IRA at Smith Barney. Between October 1996 and March 1999, decedent deposited various funds from other sources into the Smith Barney IRA. Cross-Defendants' SOF ¶¶ 6-9.

Decedent and Katherine Chandler were married in December 2000. On June 10, 2002, decedent opened an IRA with Charles Schwab & Co. and funded the new IRA with approximately half of the funds contained in the Smith Barney IRA. He listed the cross-defendants, his four children from a previous marriage (the "children"), as the primary beneficiaries of the Charles Schwab account. Wilson died on August 9, 2005, and was survived by Chandler and his four children.

Chandler and the children now dispute the rightful ownership of the Charles Schwab IRA proceeds. Chandler contends that pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq., as amended, 29 U.S.C. §§ 1052-56 ("ERISA"), and the Internal Revenue Code, 26 U.S.C. §§ 401-417 ("IRC"), she, as the surviving spouse, is entitled to receive the funds from the Charles Schwab IRA. Conversely, the children contend that ERISA does not apply to the Charles Schwab IRA, that the IRC does not contain surviving spouse protections, and that therefore the decedent was unrestricted in his choice of beneficiaries.

**II**

ERISA covers "pension plans," which include "any plan, fund, or program . . . established or maintained by an employer . . . [which] (i) provides retirement income to employees, or (ii) results in a deferral of income by employees." 29 U.S.C. § 1002(2)(A). The Retirement Equity Act, 29 U.S.C. §§ 1052-56, amended ERISA to include provisions to protect surviving spouses by ensuring them "a stream of income." Boggs v. Boggs, 520 U.S. 833, 843, 117 S. Ct. 1754, 1761 (1997). The new provisions provide detailed protections for spouses of plan participants, requiring

1   that pension plans establish surviving spouse annuities.  See, e.g., 29 U.S.C. § 1055(a) ("[e]ach

2   pension plan . . . shall provide that . . . the accrued benefit payable to such participant shall be

3   provided in the form of a qualified joint and survivor annuity . . . [or] a qualified preretirement

4   survivor annuity [for] the surviving spouse").  The survivor's annuity may not be waived by the

5   participant unless the spouse consents in writing to the designation of another beneficiary, witnessed

6   by a plan representative or notary public.  Id. at § 1055(c)(2); Franklin v. Thornton, 983 F.2d 939,

7   942 (9th Cir. 1993).  Mirror surviving spouse provisions are also contained in sections of the Internal

8   Revenue Code dealing with qualified pension plans.  See, e.g., 26 U.S.C. § 401(a)(11); 26 U.S.C.

9   § 417.

10        Decedent terminated his participation in the Siemens pension plan and rolled the distribution

11  of his pension funds into the Smith Barney IRA long before his marriage to Chandler.  Nevertheless,

12  Chandler argues that because these funds originated in an ERISA pension plan, the funds are now

13  imbued with ERISA surviving spouse protections, and that these protections survive even after the

14  funds are rolled into an IRA.  Under both ERISA and the IRC, however, a plan may limit surviving

15  spouse protection to spouses who have been married at least one year.  29 U.S.C. § 1055(f)(1); 26

16  U.S.C. § 401(a)(11)(D).  Here, Chandler and decedent did not marry until six years after decedent's

17  participation in the plan ended.  Therefore, the surviving spouse protection afforded by ERISA did

18  not attach to the Siemens pension funds and Chandler acquired no surviving spouse rights pursuant

19  to ERISA.  Her lack of consent to the naming of decedent's children as beneficiaries was thus

20  irrelevant.

21                                              **III**

22        Chandler argues in the alternative that even if ERISA does not provide surviving

23  spouse protection, the Internal Revenue Code nevertheless imposes identical spousal

24  protection requirements on IRAs.  IRAs are defined and governed in large part by 26 U.S.C.

25  § 408(a), which provides that an IRA is a "trust created or organized in the United States for

26  the exclusive benefit of an individual or his beneficiaries."  In general, ERISA does not cover

27  IRAs.  ERISA itself exempts IRAs from the coverage of its participation and vesting

28  requirements.  See 29 U.S.C. § 1051(6) (stating that ERISA participation and vesting

1    requirements shall not apply to "an individual retirement account . . . described in section 408

2    of Title 26").  Moreover, the regulations provide that ERISA does not apply to IRAs.  See

3    29 C.F.R. § 2510.3-2(d)(1) ("[f]or purposes of Title I of the Act [ERISA] and this chapter,

4    the terms 'employee pension benefit plan' and 'pension plan' shall not include an individual

5    retirement account described in section 408(a) of the Code").

6         Chandler relies on an exception to this rule, however, which provides that IRAs are

7    not covered by Title I of the Act "provided that [n]o contributions are made by the

8    employer."  29 C.F.R. § 2510.3-2(d)(1)(i).  Without citation to any authority, Chandler

9    contends that this exception should apply in the instant case because some of the funds in the

10   Charles Schwab IRA originated from employer contributions rolled over from the Siemens

11   pension plan.  We are not persuaded by this argument.  Decedent rolled the Siemens 401(k)

12   proceeds into the Smith Barney IRA, and then eight years later, rolled these funds, along with

13   other unrelated contributions, into the Charles Schwab IRA.  The regulations do not provide

14   an exception for "rollover contributions," but instead except out "contributions made by the

15   employer."  The Charles Schwab IRA is not an employer-funded IRA; it is an individually-

16   funded IRA.  The contributions to the Schwab IRA were made by decedent, not by Siemens.

17   It is a distortion of the plain meaning of the regulations to suggest that decedent's former

18   employer "contributed to" the Charles Schwab IRA.  If Congress had intended to include

19   rollover contributions under the purview of ERISA, it could have done so expressly.

20        Chandler also relies on 26 U.S.C. § 408(a)(6), which requires that the Secretary

21   "prescribe[] . . . rules similar to the rules of section 401(a)(9) and the incidental death benefit

22   requirements of section 401(a) [under ERISA]."  Chandler interprets this language as

23   imposing on IRAs the identical spousal protections afforded by ERISA in 26 U.S.C. §

24   401(a)(11).  But § 408(a)(6) provides only that the Secretary promulgate "rules similar to"

25   ERISA's distribution and incidental death benefits requirements.  The Secretary satisfied its

26   obligation by promulgating such rules in 26 C.F.R. §1.408-2, and these regulations do not

27   incorporate ERISA's surviving spouse protections.  See generally 26 C.F.R. § 1.408-2.

28

- 4 -

1    Based on the foregoing, we conclude that the Internal Revenue Code does not impose

2    ERISA's surviving spouse requirements on the Charles Schwab IRA.

3                                                IV

4    We deny counter-defendants' request for attorney's fees under ERISA, 29 U.S.C. §

5    1132(g).  There is no showing of bad faith, or that Chandler's claim was completely lacking

6    in merit; the factors militating against a fee award outweigh those in favor of an award.  See

7    Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980).

8                                                V

9    Therefore, **IT IS ORDERED DENYING** Chandler's motion for partial summary

10   judgment (doc. 31), and **GRANTING** cross-defendants' motion for partial summary

11   judgment (doc. 32).

12   DATED this 5th day of October, 2006.

13

14

15   _____

16                    Frederick J. Martone
                    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28